UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY JAMES, JR.,

      **Plaintiff,**

   v.
                                   Civil Action 2:21-cv-3984
                                   Chief Judge Algenon L. Marbley
                                   Magistrate Judge Chelsey M. Vascura

DR. MILLER, *et al.*,

      **Defendants.**


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Gary James, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("RA"), and also asserts state-law medical malpractice claims against Madison County and various employees of London Correctional Institution and the Ohio Department of Rehabilitation and Correction.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2); 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff be permitted to proceed on his official capacity claims for failure to provide reasonable accommodations under the ADA and RA and

that the Court **DISMISS** Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**.  (ECF Nos. 1, 7.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's certified trust fund statement reveals that has only $325.51 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A727129) at London Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.     BACKGROUND

Plaintiff is currently incarcerated at the London Correctional Institution ("LCI") in Madison County, Ohio. Plaintiff alleges that he suffers from a degenerative visual impairment that causes severe light sensitivity, migraines, and cloudy vision. (Compl., PAGEID #19, ECF No. 1-1.) LCI allegedly recently increased the brightness of its lighting, which has exacerbated Plaintiff's symptoms. (*Id.*) Plaintiff further contends that the poor condition of the sidewalks, walkways, and track at LCI pose hazards for visually and physically impaired inmates. (*Id.*)

Plaintiff alleges that, after being seen by LCI physicians Dr. Woods and Dr. Mahmood for his visual impairment, he was referred to Defendant Dr. Miller, OCI's optometrist. (*Id.* at PAGEID #33.) Plaintiff alleges Dr. Miller misdiagnosed his visual impairment, treated him only with eye drops, and denied his request for a second opinion by an outside medical provider. (*Id.* at PAGEID #19, 42.) Plaintiff further alleges that Defendants Dr. Miller, Jason Condrac (LCI's ADA Coordinator), Robin Murphy (LCI's Health Care Administrator), and Mr. Blackwell (LCI's Investigator) denied his requests for reasonable accommodations. (*Id.* at PAGEID #20, 22, 24, 26.) Specifically, Plaintiff requested tinted lens glasses, lowered brightness of dorm lighting at all times, bottom range and bunk restrictions, to be placed on "chronic care," and to be admitted into LCI's visually impaired program. (*Id.* at PAGEID #19.) Plaintiff alleges he was told by various Defendants that he did not qualify to be seen by an outside medical provider and

that he would have to purchase sunglasses and Tylenol from LCI's commissary.  (*Id.* at PAGEID #20, 22, 24.)

Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.  (*Id.* at PAGEID #38–40.)

## II.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> >     *        *        *
>
> > (B) the action or appeal--
>
> > > (i) is frivolous or malicious; [or]
>
> > > (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers."

5

*Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.    ANALYSIS

The undersigned construes Plaintiff's Complaint to assert four claims: (1) deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment; (2) violation of the Fourteenth Amendment's Due Process Clause; (3) state-law medical malpractice; and (4) failure to provide reasonable accommodations in violation of the ADA and RA.  The undersigned considers each claim in turn.

### A.    Eighth Amendment Medical Indifference Claims

Plaintiff contends that various Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs by failing to provide him with a second opinion by an outside medical provider and to provide him with his requested accommodations. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted).  A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).]  The subjective component regards prison officials' state of mind.  *Id.*  Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.* at 895–96 (internal quotation marks and citations omitted).  The prison official must "be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference."
*Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must

have acted with a state of mind similar to recklessness.  Thus, to prove the required level of

culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's

health, (2) drew the inference that a substantial risk of harm to the inmate existed, and

(3) consciously disregarded that risk."  (citations omitted)).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of
> medical care and those cases where the claim is that a prisoner received inadequate
> medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).
> Where a prisoner alleges only that the medical care he received was inadequate,
> "federal courts are generally reluctant to second guess medical judgments."  *Id.*
> However, it is possible for medical treatment to be "so woefully inadequate as to
> amount to no treatment at all."  *Id.*

*Alspaugh*, 643 F.3d at 169.  *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If

the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . .

the plaintiff must place verifying medical evidence in the record to establish the detrimental

effect of the delay in medical treatment."  (internal quotation marks and citation omitted)).

Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a

prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a

degree of incompetence which does not rise to the level of a constitutional violation."  *Id.* at 591.

(quotation marks and citation omitted).

Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent.

Plaintiff's allegations establish that he was seen by at least three doctors at LCI and was treated

with eye drops.  *See Palacio v. Hofbauer*, 106 F. App'x 1002, 1005 (6th Cir. 2004) (prisoner

failed to state an Eighth Amendment claim for medical indifference when plaintiff "was referred

to a prison official who had the authority to address his problem.")  Plaintiff's allegations fall

well short of the unnecessary and wanton infliction of pain by prison officials required for an

Eighth Amendment claim.  *See Jones*, 625 F.3d at 941.  Plaintiff has therefore failed to allege

facts upon which the Court can rely to conclude that Defendants were deliberately indifferent to

Plaintiff's medical needs.  Accordingly, it is **RECOMMEDED** that the Court **DISMISS**

Plaintiff's Eighth Amendment claims premised on failure to provide him adequate medical

treatment.

**B.      Fourteenth Amendment Claims**

"[T]he Fourteenth Amendment's Due Process Clause protects persons against

deprivations of life, liberty, or property; and those who seek to invoke its procedural protection

must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221

(2005).  "An inmate establishes a liberty interest when a change in conditions of confinement

'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison

life.'"  *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v.

Conner*, 515 U.S. 472, 484 (1995)).

Although Plaintiff cites the Fourteenth Amendment multiple times in his Complaint, he

does so in only a cursory manner and does not explain what life, liberty, or property interest is

implicated by the facts alleged.  Nor is the undersigned able to discern any such interest, even

when construing Plaintiff's allegations liberally.  It is therefore **RECOMMEDED** that the Court

**DISMISS** Plaintiff's Fourteenth Amendment claims.

**C.      State-Law Medical Malpractice Claims**

To the extent Plaintiff intends to advance a claim for medical malpractice, this is a state-

law claim against employees of the State of Ohio, over which this Court lacks subject-matter

jurisdiction.  These Defendants are immune from suit on a state-law medical malpractice claim

unless the Ohio Court of Claims were to determine that they acted manifestly outside the scope

of their employment.  *See* Ohio Rev. Code § 2743.02(F).  Only the Ohio Court of Claims has the

jurisdiction to make that determination.  Ohio Rev. Code § 9.86.  As there is no suggestion that

the Ohio Court of Claims has determined that the Defendants are not entitled to immunity, this

Court lacks jurisdiction to hear Plaintiff's state-law claims.  *See McCormick v. Miami Univ.*, 693

F.3d 654, 665 (6th Cir. 2012).  It is therefore **RECOMMEDED** that the Court **DISMISS**

Plaintiff's state-law medical malpractice claims.

### D.       ADA and RA Reasonable Accommodation Claims

Plaintiff alleges that Defendants failed to reasonably accommodate his disability in

violation of Title II of the ADA and § 504 of the RA.  It is well established that "the ADA and

the Rehabilitation Act apply to prisoners."  *Key v. Grayson*, 179 F.3d 996, 997 (6th Cir. 1999)

(citing *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 212–13 (1998)).  Title II of

the ADA states that "no qualified individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of the services, programs, or activities

of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

Similarly, § 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . .

shall, solely by reason of her or his disability, be excluded from the participation in, be denied

the benefits of, or be subjected to discrimination under any program or activity receiving Federal

financial assistance . . . ."  29 U.S.C. § 794(a).

Although the United States Court of Appeals for the Sixth Circuit has not squarely

addressed the issue, this Court recently concluded that prisoners may maintain a claim for failure

by prison officials to provide reasonable accommodations (in addition to claims for intentional

discrimination on the basis of disability) under Title II of the ADA and § 504 of the RA.  *Larson*

*v. Eppinger*, No. 2:20-CV-4997, 2021 WL 2659998, at *6 (S.D. Ohio June 29, 2021).  A

reasonable accommodation claim requires the plaintiff to demonstrate that: (1) he has a disability; (2) he is a "qualified individual"; and (3) he was "being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of" his disability. *Id.* (citing *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015)). Plaintiff can meet the third element by showing that the prison failed to make a "reasonable modification" as required by 28 C.F.R. § 35.130(b)(7)(i). *Id.*

The undersigned finds that Plaintiff has alleged sufficient facts to state a claim for violation of the ADA and RA based on LCI's failure to provide him with reasonable accommodations for his visual impairment. However, there remains a question of the proper Defendants. Plaintiff has advanced claims against all six individuals in their official and individual capacities, as well as against Madison County. "The proper defendant under a Title II claim is the public entity or an official acting in his official capacity." *Mitchell v. Horton*, No. 2:18-CV-216, 2019 WL 1025562, at *5 (W.D. Mich. Mar. 4, 2019) (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002)). Title II of the ADA does not provide a private right of action against a public employee acting in his or her individual capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the [Rehabilitation Act] impose[s] liability upon individuals."). It is therefore **RECOMMENDED** that Plaintiff's individual capacity claims under the ADA and the RA be **DISMISSED**.

## IV.    ADDITIONAL MOTIONS

This matter is further before the Court for consideration of Plaintiff's Motion to Waive Plaintiff's Duty and Cost to Provide Copies (ECF No. 5.) Therein, Plaintiff requests he be relieved of his obligation to provide service copies of his filings on Defendants due to his indigence. (*Id.*) Although the undersigned finds that Plaintiff may proceed *in forma pauperis*,

the *in forma pauperis* statutes do not abrogate Plaintiff's obligation to provide Defendants with

service copies of his filings.  Nor has Plaintiff identified any circumstances that would

differentiate him from the multitude of other *in forma pauperis* litigants who are required to

provide service copies.  Plaintiff's Motion to Waive Plaintiff's Duty and Cost to Provide Copies

(ECF No. 5) is therefore **DENIED**.

This matter is further before the Court for consideration of Plaintiff's Motion to Appoint

Counsel.  (ECF No. 6.)  Plaintiff's request for appointment of counsel is **DENIED** at this

juncture.  Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint

counsel in a civil case, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*,

992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is

justified only by exceptional circumstances." *Id*. at 606.  The Court has evaluated whether such

exceptional circumstances exist and determines that the appointment of counsel is not warranted

at this juncture.  Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED**.

## V. DISPOSITION

For the reasons set forth above, Plaintiff's motions for leave to leave to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF Nos. 1 and 7) are **GRANTED**.  Plaintiff's

Motion to Waive Plaintiff's Duty and Cost to Provide Copies (ECF No. 5) is **DENIED**.

Plaintiff's Motion to Appoint Counsel (ECF No. 6) is **DENIED**.  In addition, it

is **RECOMMENDED** that Plaintiff be permitted to proceed on his official capacity claims for

failure to provide reasonable accommodations under the ADA and RA, and that the

Court **DISMISS** Plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b) for failure to state a claim on which relief may be granted.

Further, because Plaintiff's motion for leave to proceed *in forma pauperis* is granted,

Plaintiff is entitled to have service on Defendants completed by the United States Marshal.

However, the Requests for Issuance of Summons that Plaintiff submitted are deficient, in that Plaintiff failed to include the Defendants' names and addresses, or Plaintiff's name and address, on the summons forms.  (ECF No. 7-4.)  Moreover, the United States Marshal forms are deficient, in that Plaintiff failed to submit a separate form for each Defendant, and failed to include the name of the Defendant to be served in the proper location on the forms.  (ECF No. 7-3.)  Finally, Plaintiff did not submit service copies of the Complaint.  If Plaintiff submits the required documents, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE